| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |
| ANTWOINE BEALER,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OF KERN VALLEY STATE PRISON,<br><br>Defendant. | Case No.: 1:17-cv-01277-SAB (PC)<br><br>ORDER TO CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Antwoine Bealer is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This action was opened by a court order in <u>Antwoine Bealer v. Kern Valley State Prison</u>, Case No. 1:16-cv-00367-DAD-SKO-PC, issued on September 22, 2017. (ECF No. 2.) Specifically, the first amended complaint in that case, filed on March 7, 2017, was stricken from the record in that matter, and ordered to be opened as a new case. This current matter is the new case.

On September 27, 2017, Plaintiff was ordered to submit an application to proceed <u>in forma pauperis</u> in this action pursuant to 28 U.S.C. § 1915, or pay the $400.00 filing fee. Plaintiff was permitted forty-five (45) days to comply with that order. More than forty-five (45) days have passed, and Plaintiff has not filed any application or paid the filing fee.

1

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to either file an application to proceed in forma pauperis or pay the filing fee within forty-five (45) days of the September 27, 2017 order. In the order, Plaintiff was expressly warned that the failure to comply with the order would result in this action being dismissed. (ECF No. 4. at p. 2) More than forty-five (45) days have passed, and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order. The Court cannot effectively manage its docket if a party ceases litigating the case. For these reason, the Court recommends that this action be dismissed.

## III.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to pay the filing fee or submit an application to proceed in forma pauperis in compliance with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 1, 2017**__

UNITED STATES MAGISTRATE JUDGE