# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF KERN VALLEY STATE PRISON,<br><br>    Defendant. | Case No. 1:17-cv-01277-LJO-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Antwoine Bealer, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed March 7, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at High Desert State Prison. Plaintiff alleges that while he was housed at Kern Valley State Prison ("KVSP") his rights to be free from cruel and unusual punishment and equal protection of the law were violated. (Compl. 4, ECF No. 1.)

Plaintiff was housed in administrative segregation on the allegedly false charge of threatening a peace officer. (Compl. 4.) Plaintiff contends that he was continually subjected to harassment and sexual assault by male correctional officers. (Compl. 4.) Plaintiff sent inmate request slips to the sergeant in the unit but never received a response and the harassment and assaults did not stop. (Compl. 4.)

Plaintiff alleges that while he was housed in administrative segregation he was retaliated

against by "CDCR 'R' staff" for filing and maintaining suits against Sergeant Brannum and Office Rios for using excessive force against him and Sergeant Epperson for sexual assault. (Compl. 5.) The officers subjected him to sexual assault by shining a flashlight into his groin area while he was lying in his bunk when they did security checks. (Compl. 5.) Plaintiff was also harassed by officers shining their lights into his eyes while doing security checks. (Compl. 5.)

Plaintiff was housed at KVSP for six years and does not believe that sexual assault is a custom for heterosexual and non-transgender inmates, but believes that there is a custom of retaliation and harassment of inmates who have record of having assaulted staff in their files or who submit administrative appeals or file suits. (Compl. 5.) Plaintiff brings this action against the warden seeking monetary damages.

### III.

### DISCUSSION

For the reasons discussed below, Plaintiff fails to state a cognizable claim in this action. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Because it appears that Plaintiff may be able to cure the deficiencies that are identified in this order, the Court shall grant leave to file an amended complaint. The Court provides Plaintiff with the following standards that would appear to apply to his claims.

**A.      Plaintiff Fails to State a Cognizable Claim against the Warden of KVSP**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d 930 at 934. There is no respondeat superior liability under section 1983, Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013), and therefore, each defendant is only liable for his or her own misconduct, Iqbal, 556 U.S. at 677.

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's

3

wrongful conduct and the constitutional violation.' " <u>Crowley</u>, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." <u>Id.</u> at 977. "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff alleges that the warden is liable for a custom of retaliation and harassment of inmates. To state a claim, Plaintiff must allege facts to show the warden breached a duty to him that was the proximate cause of the injury. <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). This requisite causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others which the supervisor knew or reasonably should have known would inflict a constitutional injury on others. <u>Starr</u>, 652 F.3d at 1207-08.

Here, Plaintiff alleges that a there is a custom of retaliation and harassment of inmates who have records of having assaulted staff in their files or who submit administrative appeals. However, Plaintiff merely makes conclusory allegations that a policy exists without alleging sufficient facts for the Court to reasonably infer that there is such a policy. <u>Iqbal</u>, 556 U.S. at 678-79. Further, there are no facts alleged that the warden was personally involved, that show a causal connection with the warden, or even that the warden was aware or should have been aware of any retaliation or harassment at KVSP. Plaintiff has failed to state a cognizable claim against the warden of KVSP.

**B.     Cruel and Unusual Punishment in Violation of the Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials

have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

Here Plaintiff alleges that he was harassed and retaliated against because correctional officer shined a flashlight on his groin and in his eyes during security checks. While prisoners should not be subjected to calculated harassment unrelated to prison needs, Hudson v. Palmer, 468 U.S. 517, 530 (1984), to violate the Eighth Amendment a deprivation must be sufficiently serious, meaning the act or omission must result in denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. The bare allegation that during security checks correctional officers shined their flashlights in Plaintiff's eyes and on his groin is insufficient to rise to the level of an Eighth Amendment violation.

**B.     Equal Protection**

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Turner v. Safley, 482 U.S. 78, 84 (1987); Bell, 441 U.S. at 545. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082

(9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff does not allege that he is a member of a protected class so to state a claim he would have to allege that he was intentionally treated differently than other similarly situated individuals. Plaintiff alleges that heterosexual and non-transgender inmates were treated differently than inmates who have assaults on staff in their file or who submit administrative appeals or file lawsuits. However, similarly situated individuals are those "who are in all relevant respects alike." Silveira v. Lockyer, 312 F.3d 1052, 1088 (9th Cir. 2002), as amended (Jan. 27, 2003) abrogation on other grounds recognized by Rothery v. Cty. of Sacramento, 700 F. App'x 782, 783 (9th Cir. 2017). Other than the fact that both are inmates, heterosexual or transgender inmates are not similarly situated to inmates who have been alleged to have assaulted staff or file complaints. Plaintiff has failed to state an equal protection claim.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim against any named defendant. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **March 13, 2018**

UNITED STATES MAGISTRATE JUDGE