# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN OF KERN VALLEY STATE PRISON,<br><br>　　　　Defendant. | Case No. 1:17-cv-01277-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 26)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Antwoine Bealer, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed on August 29, 2018.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff brings this action against the warden of Kern Valley State Prison seeking monetary damages and injunctive relief. Plaintiff has previously filed a civil rights action against the warden of Kern Valley State Prison, case no. 1:12-cv-01516-AWI-GSA. (First Am. Compl. ("FAC") p. 6, ECF No. 26.) Plaintiff filed an inmate appeal no. KVS-FAY-10-11-0674. (Id.) Both of these documents contained allegations of sexual harassment by Sgt. Epperson. (Id.) On November 14, 2010, Plaintiff submitted the above referenced inmate appeal concerning use of force, sexual assault, and harassment by correctional officers and the above referenced case was filed. (Id.)

In May of 2014 and March of 2015, Plaintiff was placed in administrative segregation and was subjected to sexual assault and harassment by officers who signed their flashlights into

his groin while he was lying on his bunk during count and his eyes. (Id.) Plaintiff submitted an inmate appeal but never received a response.[1] (Id.)

## III.

## DISCUSSION

### A. Deliberate Indifference in Violation of the Eighth Amendment

Plaintiff contends that shining the flashlight in his eyes and groin was cruel and unusual punishment. (Memo. in Support of Am. Compl., ECF No. 26 at 9-11.) The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

In evaluating Plaintiff's claim of harassment, the Court considers "whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Wood v. Beauclair, 692 F.3d 1041,

---

[1] Plaintiff submits a memorandum of points and authorities in support of his complaint. However, as stated in the civil rights claim form, Plaintiff was to state the facts that were relevant to his claim. The Court declines to address Plaintiff's legal argument.

1046 (9th Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Courts have held that sexual harassment of an inmate by a prison guard can constitute an Eighth Amendment violation. "A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner. Minifield v. Butikofer, 298 F.Supp.2d 900, 903 (N.D. Cal. 2004).

In Berry v. Oswalt, 143 F.3d 1127 (8th Cir. 1998), the female inmate alleged that a male guard "had attempted to perform nonroutine patdowns on her, had propositioned her for sex, had intruded upon her while she was not fully dressed, and had subjected her to sexual comments. Berry, 143 F.3d at 1131. This was found to be sufficient to support an Eighth Amendment claim of sexual harassment. Id. at 1133. Courts have also found a claim exists where officers subjected inmates to sexually harassing and physically intrusive patdown searches, Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992), made "ribald comments" and sexually explicit gestures and forced inmate to perform sexually provocative acts during a strip search conducted in front of officers of the opposite sex, Calhoun v. DeTella, 319 F.3d 936, 940 (7th Cir. 2003), and a female prison guard made bold sexual advances towards a male inmate, Wood, 692 F.3d at 1048-51. However, courts have found that acts that do not involve physical sexual assault are insufficient to state a claim for harassment in violation of the Eighth Amendment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (verbal harassment generally does not violate the Eighth Amendment); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (guard rubbed his thigh against inmate's thigh while he was on the toilet, "began smiling in a sexual contact [sic]," and left the cell laughing not sufficient to state a claim); Minifield, 298 F.Supp.2d at 903 (verbal harassment and abuse insufficient to state a claim).

Here Plaintiff alleges that he was harassed when correctional officers shined a flashlight on his groin and in his eyes. While prisoners should not be subjected to calculated harassment unrelated to prison needs, Hudson v. Palmer, 468 U.S. 517, 530 (1984), to violate the Eighth

Amendment a deprivation must be sufficiently serious, meaning the act or omission must result in denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. In similar situations courts have found the allegation that a guard shined a flashlight on an inmate is insufficient to state a claim for sexual harassment. See Trotter v. Haws, No. CV 09-5400 JVS JCG, 2010 WL 5891059, at *5 (C.D. Cal. Dec. 13, 2010), report and recommendation adopted, No. CV 09-5400 JVS JCG, 2011 WL 776107 (C.D. Cal. Feb. 28, 2011) (guard shined a beam of light on inmate and made sexual gestures while inmate was using the restroom). Even if the officer's conduct was intentional the allegation that correctional officers shined their flashlights in Plaintiff's eyes and on his groin is insufficient to rise to the level of an Eighth Amendment violation. Plaintiff has failed to state a cognizable Eighth Amendment claim.

### B. Equal Protection

Plaintiff also alleges that the actions by the officers violated his right to equal protection. (Memo. in Support of Am. Compl., ECF No. 26 at 11.) As Plaintiff was previously advised, there are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff has not alleged that he was a member of a protected class, nor does the complaint contain allegations that Plaintiff was intentionally treated differently than any other similarly situated individuals. Plaintiff has failed to state an equal protection claim.

### C. Supervisory Liability

Plaintiff contends that the warden was aware of the harassment and therefore should be held liable as a supervisor. However, "[u]nder Section 1983, supervisory officials are not liable

1 for actions of subordinates on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted).

Here, the allegations in Plaintiff's complaint are insufficient to state a cognizable claim for a violation of his federal rights. Therefore, even accepting as true the allegation that the warden was aware of the conduct, Plaintiff has failed to state a claim for supervisory liability against the warden.

## VI.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff's first amended complaint fails to state a cognizable claim for a violation of Plaintiff's federal rights. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment or violation of his right to equal protection, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without leave to amend and this action be DISMISSED for failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 31, 2018**

UNITED STATES MAGISTRATE JUDGE