# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN OF KERN VALLEY STATE PRISON,<br><br>    Defendant. | Case No. 1:17-cv-01277-LJO-SAB (PC)<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER<br><br>(ECF No. 35) |

Plaintiff Antwoine Bealer, a state prisoner, is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 31, 2018, the undersigned issued findings and recommendations recommending that this action be dismissed for the failure to state a claim upon which relief may be granted. (ECF No. 27.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty days. (Id. at 6-7.)

Plaintiff sought a thirty-day extension of time to file objections, (ECF No. 28), which was granted on September 13, 2018, (ECF No. 29). Therefore, the objections were due no later than October 16, 2018. As of that date, no objections were filed.

On October 25, 2018, the District Judge conducted a *de novo* review of the case, including reviewing the entire file. (ECF No. 33.) The District Judge found that the findings and recommendations were supported by the record and proper analysis, and adopted them in full. (Id.) This matter was dismissed, with prejudice, for the failure to state a cognizable claim. (Id. at 2.) Judgment was entered the same day, (ECF No. 34), and the case was closed.

| | |
|---|---|
| 1 | Currently before the Court is Plaintiff's motion for relief from a judgment or order |
| 2 | pursuant to Federal Rule of Civil Procedure 60, filed on November 9, 2018. (ECF No. 35.) |
| 3 | Rule 60 allows the Court to relieve a party from an order for any reason that justifies |
| 4 | relief. Fed. R. Civ. P. 60(b)(6). Reconsideration motions are committed to the discretion of the |
| 5 | trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin |
| 6 | Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth |
| 7 | facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, |
| 8 | e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), |
| 9 | rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). |
| 10 | Here, Plaintiff states that he submitted objections to prison officials for mailing to the |
| 11 | Court on October 26, 2018. However, he believes institutional staff did not mail the objections. |
| 12 | He argues it is through no fault of his that the Court did not receive and evaluate his objections. |
| 13 | As noted above, Plaintiff had notice of the findings and recommendations, and sought an |
| 14 | extension of time to make those objections. Under that extension, any objections were due by |
| 15 | October 16, 2018. The objections that Plaintiff sent on October 26, 2018 would have been late. |
| 16 | Further, he has not explained the content of his objections now, and thus the Court has no means |
| 17 | to evaluate whether he is due any relief from the judgment in this action. |
| 18 | Accordingly, Plaintiff's motion for relief from a judgment or order, filed on November 9, |
| 19 | 2018 (ECF No. 35), is HEREBY DENIED. |
| 20 | |
| 21 | IT IS SO ORDERED. |
| 22 | Dated: **November 13, 2018** |
| | UNITED STATES MAGISTRATE JUDGE |