# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF KERN VALLEY STATE PRISON,<br><br>    Defendant. | Case No. 1:17-cv-01277-LJO-SAB (PC)<br><br>Appeal No. 18-17306<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS ON APPEAL<br><br>(Doc. No. 40) |

**I.    Introduction**

Plaintiff Antwoine Bealer, a state prisoner, appeared *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on March 3, 2017. (Doc. No. 1.) Plaintiff was ordered to apply to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915, or pay the filing fee, and his deadline to do so was extended on a few occasions. (Doc. Nos. 4, 7, 12.) Finally, on February 20, 2018, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 14.) On February 26, 2018, that motion was granted. (Doc. No. 15.)

On March 14, 2018, the assigned Magistrate Judge screened Plaintiff's complaint, and found that Plaintiff alleged that officers at Kern Valley State Prison sexually assaulted him by shining a flashlight into his groin area while he was lying in his bunk during security checks, and

further harassed him by shining their lights into his eyes. (Doc. No. 19.) Plaintiff contended that he believed this was due to a prejudice against inmates who have a record of having assaulted staff in their files, or who have filed administrative appeals or lawsuits against staff. The magistrate judge found no cognizable claim for relief, but explained the relevant legal standards to Plaintiff, and granted him leave to amend his allegations to attempt to cure the identified deficiencies in his complaint, within thirty days. (*Id*.)

Following rulings on other motions and extensions of time, on August 29, 2018, Plaintiff filed a first amended complaint. (Doc. No. 26.) On August 31, 2018, the assigned magistrate judge screened Plaintiff's first amended complaint, and issued findings and recommendations. (Doc. No. 27.) The magistrate judge found that Plaintiff failed to state any cognizable claim for a violation of his federal rights, as his allegations were largely identical to his original allegations. As Plaintiff had not cured or attempted to cure the deficiencies in his allegations, the magistrate judge found that further leave to amend would be futile, and recommended dismissal. (*Id*.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty days. (*Id*. at 6-7.) No timely objections were filed.

On October 25, 2018, the Court adopted the findings and recommendations in full, and dismissed this action, with prejudice, for Plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 33.) Judgment was entered accordingly the same day. (Doc. No. 34.)

On November 9, 2018, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (Doc. No. 35.) Plaintiff argued in the motion that he submitted objections to prison officials for mailing on October 26, 2018, which it appeared the Court did not receive, and which entitled him to relief from the order dismissing his case. (*Id*.) On November 14, 2018, the Court denied Plaintiff's motion, finding that the date that Plaintiff asserted that he submitted his objections was beyond the extended deadline, making any objections that he sent late. (Doc. No. 36). Further, he had not otherwise explained the objections, and had not shown any grounds for relief from the final judgment. (*Id*.)

2

On November 30, 2018, Plaintiff filed a timely notice of appeal. (Doc No. 37.) Fed. R. App. P. 4(a)(1), (4). The appeal was processed on December 3, 2018. (Doc. No. 38.)

**II.     *In Forma Pauperis* Status**

On December 6, 2018, the Ninth Circuit Court of Appeals referred the matter back to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for the appeal. (Doc. No. 36). *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Amer. Airlines*, 302 F.3d 1091 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where district court finds the appeal to be frivolous).

In this case, Plaintiff brings a claim for sexual assault and harassment based on allegations that, in May 2014 and March 2015, he was placed into an Administrative Segregation Unit, where male officers shined lights from their flashlights onto his groin area and into his eyes while conducting cell counts. (First Am. Compl., Doc. No. 26, at 6.) This Court found a failure to state a claim upon which relief could be granted, and dismissed the case.

Plaintiff's notice of appeal does not give the grounds for his appeal. (Doc. No. 37.) However, Plaintiff's first amended complaint was accompanied by a brief arguing that the Court erred in finding that he failed to state a cognizable claim. In sum, Plaintiff asserts that the officers shining their flashlights onto his groin area and into his eyes constituted cruel and unusual punishment in violation of the Eighth Amendment, because it is not acceptable for an officer to harass a person for any reason, and that any measure of sexual assault or harassment is a constitutional violation. (*Id*. at 10-11.) Plaintiff further argues that the Court erred by requiring him to litigate his claim at the screening stage, as he does not know the state of mind of the officers, and cannot determine their state of mind without conducting discovery. (*Id*. at 11.) As he is a United States citizen, Plaintiff asserts that he also stated a claim for violation of his equal protection rights.

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). Although the pain may be physical or psychological, it must be objectively sufficient serious. *Id*.

Here, Plaintiff argues that the shining of a flashlight onto his groin area and into his eyes was done with the specific intent to harass him, is an abuse of power, and is not acceptable behavior. Even considering Plaintiff's allegations in the light most favorable to him, he has not shown conduct that rises to the level of severity required to state an Eighth Amendment claim for cruel and unusual punishment. The Ninth Circuit has found that the Eighth Amendment does not prohibit guards from performing visual searches, even if the guards also pointed, joked, or gawked at the prisoners, causing them to suffer feelings of discomfort or humiliation. *Id*. at 1113 (citing *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997)); *see also Grummett v. Rushen*, 779 F.2d 491, 494 n. 1 (9th Cir. 1985) (prison's policy allowing female guards to observe male inmates disrobing, showering, using the toilet, and being strip-searched, and allowing them to conduct pat-down searches including the groin area, did not amount to "the type of shocking and barbarous treatment protected against by the [E]ighth [A]mendment").

Plaintiff in this case is a male inmate alleging that he had a flashlight shined on his groin area and into his eyes by male officers. He has not alleged any physical contact, or any other conduct likely to cause severe psychological distress or other significant harm. Further, Plaintiff was given leave to amend to clarify or add allegations sufficient to state a cognizable claim, but instead stood upon largely the same allegations in his amended pleading.

Plaintiff asserts that the officers' conduct was done to annoy, bother, and harass him. He argues that any conduct of a harassing nature is sufficient to state a claim for a constitutional violation. Even accepting as true that the officers' conduct was done for the purposes of harassment, such conduct is not objectively serious to rise to the level of a constitutional violation under long-established legal standards, as not every harm or annoyance violates the Constitution. Plaintiff's opinion to the contrary is not sufficient to show a colorable argument that the Court erred here.

Plaintiff further argues that he has shown a violation of his right to equal protection of the laws because he believes these actions were done based on him having a history of assaulting staff or filing an administrative appeal or lawsuit against staff. Plaintiff pleaded no facts in support of this argument, despite being given the relevant legal standards. Plaintiff also failed to

allege facts sufficient to show that he was treated differently from similarly situated individuals without a rational basis. Therefore, his claim was properly dismissed. *See, e.g.*, *K'napp v. Arlitz*, 661 F. App'x 468, 470 (9th Cir. 2016). He makes no argument against this other than stating that as a United States citizen, he is entitled to equal protection of the laws. This also does not present any colorable argument that the Court erred in finding that Plaintiff failed to state any equal protection claim.

Based on the foregoing, the Court finds that Plaintiff's appeal is frivolous in nature, and his *in forma pauperis* status should be revoked on appeal.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's appeal is declared frivolous and not taken in good faith;
2. Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 18-17306, filed on November 30, 2018;
3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal; and
4. The Clerk of the Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **December 10, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE